UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DIEGO ARMANDO FRANCO BRACHO,<br><br>Petitioner,<br><br>v.<br><br>DONALD J. TRUMP, WARDEN, DAVID VENTURELLA, SAMUEL J. OLSON, MARKWAYNE MULLIN, TODD BLANCHE, PETE R. FLORES,<br><br>Respondents. | CAUSE NO. 3:26cv1454 DRL-SJF |

OPINION AND ORDER

Immigration detainee Diego Armando Franco Bracho, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States.

According to the petition, Mr. Franco Bracho is a citizen of Venezuela who came to the United States in 2021, seeking asylum. He alleges he was detained by immigration authorities shortly after entry and was later released on his own recognizance. After his release, he says he filed a timely Application for Asylum and for Withholding of Removal, obtained an Employment Authorization Document, and obtained Temporary Protected Status. He reports that in 2024 an immigration judge dismissed his removal proceedings after determining that he was no longer removable.

Mr. Franco Bracho was arrested by local police in July 2026 on charges of driving without a valid driver's license and operating a vehicle with an altered license plate. He

reports that while in local custody, an immigration hold was lodged and he was subsequently transferred to the custody of United States Immigration and Customs Enforcement (ICE).

Mr. Franco Bracho alleges that, in the beginning of his ICE detention, he was coerced into signing a document that could be construed as a request for "self-deportation," but his purported consent was not knowing or voluntary. *See* 8 U.S.C. § 1229c(a)(1) (allowing for administrative voluntary departure before commencement of removal period); 8 C.F.R. § 240.25 (same). He asserts the legal significance and consequences of the document were not meaningfully explained to him and he lacked reasonable access to counsel at the time he signed it. He relates that when immigration authorities later asked whether he intended to depart to Mexico, he unequivocally stated he did not intend to pursue self-deportation and withdrew any purported request for voluntary departure. He says no removal proceedings have been initiated against him.

Mr. Franco Bracho filed this habeas petition in October 2026, arguing that there is no statutory basis for his immigration detention. The Immigration and Nationality Act (INA) provides two possible bases for detention during removal proceedings here, 8 U.S.C. § 1225 and § 1226. He argues the mandatory detention provision in § 1225(b) does not apply to him because he was not "seeking admission" within the meaning of the statute when he was detained by ICE. And, he continues, § 1226(a) does not apply because there are no removal proceedings pending against him. He also alleges ICE did not follow the proper procedures to revoke his prior release in violation of the regulations and due process, and that provides a separate basis to order his release.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but this jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Mr. Franco Bracho alleges his detention is without statutory authority and is in violation of regulations and due process protections. The court has jurisdiction to consider his detention, but the extent the court may review the validity of the voluntary departure form is a matter that the parties may explore in briefing.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined, and in many other courts across the country. Our circuit recently joined a majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning. *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *see also De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *cf. Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026) (reading as a 2-1 decision in the result only and at times as a 1-1-1 decision in the rationale).

To the extent the respondents would raise the same arguments about subject matter jurisdiction or the applicability of § 1225(b)(2) already resolved in *Cirrus Rojas, Mejia Diaz*, *Aguilar*, and *Singh*, there is no need to rehash these same arguments. The parties may preserve these points, and the court will deem such arguments preserved for review without

need to repeat them in full in briefing and deem them likewise addressed by the court's previous orders or the circuit's prior holding, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

Mr. Franco includes respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). Therefore, the court will dismiss the noncustodial respondents as improper under *Kholyavskiy*. Though recent experience in immigration habeas cases informs that federal counsel will represent the Warden and ensure compliance with orders, the dismissal will be without prejudice to allow for reinstatement should it become necessary to effectuate any relief ordered by the court.[1]

[1] Mr. Franco Bracho reports that he has been moved to an unknown facility. When his current location is known, he may move to substitute the proper respondent for the Warden of Miami Correctional Facility. But his transfer does not deprive this court of jurisdiction over his petition if he was located in this judicial district when it was filed. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021) (transfer of federal prisoner did not deprive original court of jurisdiction over habeas petition because there was still a "respondent within the jurisdiction of the original court that has the authority to comply with any order that may issue").

Additionally, Mr. Franco Bracho filed a motion for a temporary restraining order. In the motion, Mr. Franco represents that, on October 13, 2026, he was transferred from Miami Correctional Facility to an unknown location, reportedly to effectuate his removal. Mr. Franco Bracho asserts that any removal is unlawful because there is no removal order against him and he withdrew any consent to depart voluntarily because he did not understand what he was signing. The court will take the motion under advisement and order a status report from the government about Mr. Franco Bracho's current location and ICE's removal plans before taking further action on the motion.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE Donald J. Trump, President of the United States, Todd Blanche, Attorney General of the United States; Markwayne Mullin, Secretary of the United States Department of Homeland Security; David Venturella, Acting Director of the United States Immigration and Customs Enforcement; Pete R. Flores, Acting Commissioner of the United States Customs and Border Protection; and Samuel J. Olson, Acting Field Director of the Immigration and Customs Enforcement, Enforcement and Removal Operations Chicago Filed Office, as respondents;

(2) DIRECTS the clerk to serve a copy of this order, the petition (ECF 5), and the motion for temporary restraining order (ECF 4) on the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(3) DIRECTS the clerk to email a copy of this order, the petition (ECF 5), and the motion for temporary restraining order (ECF 4) to the Indiana Department of Correction;

the Warden of Miami Correctional Facility at Miami Correctional Facility, and the United States Attorney for the Northern District of Indiana;

(4) ORDERS the IDOC, the Warden, and the United States Attorney to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(5) ORDERS the Warden to file a brief status report by **October 19, 2026**, detailing where Diego Armando Franco Bracho is located, whether there are plans for his removal, and the legal authority for removing him from the United States;

(6) ORDERS the Warden to file an answer to the petition by **October 26, 2026**, addressing petitioner's arguments that he is being illegally detained and providing relevant immigration records, including any administrative warrant issued for his arrest pursuant to 8 U.S.C. § 1226(a) and any other documentation supporting the lawfulness of his detention;

(7) GRANTS the petitioner until **November 2, 2026**, to file a reply in support of his petition; and

(8) TAKES UNDER ADVISEMENT the motion for temporary restraining order.

SO ORDERED on October 16, 2026.

*s/ Damon R. Leichty*
Judge, United States District Court